DUVALL, *et al.* vs. GREEN.

*A judgment obtained against an executor or administrator of a deceased person, is not evidence on a bill filed in the court of chancery against the heirs or devisees of the deceased, for a sale of the real estate of such deceased*

APPEAL from a decree of the Court of Chancery. The bill in this case was filed on the 7th of June 1814, by *Duvall*, as administrator *de bonis non* of *N. Harwood*, and *J. E. Tilly*, (now appellants,) against *M. A Green*, (the appellee,) as the sole heir of *T. Talbot*, deceased. It stated that *Talbot* and *Tilly* were the joint sureties for *W. Goldsmith* in his bond as sheriff, dated the 15th of November 1791, and that suits were thereon brought in the name of the state, at the instance and for the use of *N. Harwood*, against *Tilly*, and the executrix of *Talbot*, and judgments obtained. The judgment against *Talbot's* executrix was signed on the 7th of June 1799; the last *fieri facias* issued thereon the 12th of November 1801, and a *scire facias* afterwards issued to revive the judgment, on the 18th of September 1812 The bill also stated, that the executrix of *Talbot* had fully administered the personal estate of the deceased. That *Tilly* is bound and liable to pay the whole amount of the said judgment, when in justice and equity he ought to be answerable for only one half as joint surety aforesaid. That *Talbot* died seized of a considerable real estate, &c. and that the defendant, a minor, is his sole heir, &c. The bill seeks for a contribution of *Talbot's* moiety of the said judgment, out of his real estate, which had descended to the defendant, a minor, charged, as the complainants alleged, with the payment of one half of the said debt, on the ground of a deficiency of personal assets. The answer of the defendant, by her guardian appointed under a commission issued for that purpose, admitted that *Talbot* and *Tilly* were joint sureties for *Goldsmith*, and that judgments were obtained against *Tilly*, and the executrix of *Talbot*, as stated in the bill. But she alleges and avers, that the said judgment, against the executrix of *Talbot*, has no legal or binding effect upon her in any manner whatsoever, there being no privity between the executrix of *Talbot*, and the defendant. She admitted that the executrix of *Talbot* has fully administered his estate, and that *Tilly* is liable for the whole amount of the judgment. She admitted that *Talbot* died seized of some real estate, which has become vested in the defendant; but she denies that the same, was devised charged with the payment of his debts. That the bond was executed by *Tilly* and *Talbot*, as sureties for *Goldsmith*, on the 15th of November 1791, and that the complainants' bill was not filed until the 7th of June 1814; she therefore pleads and insists upon the length of time which has intervened between the execution of the said bond, and the filing of the bill, as a complete bar against the claim set up in the complainants' bill of complaint, and relies and insists upon the act of limitations as a full and absolute defence against any liability for the present or any other demand which may be made against her as holding any part of the estate which belonged to *Talbot* in his life-time.

KILTY, Chancellor, (December term 1815.) The complainants appear to rely on the circumstance of less than twelve years having elapsed between the last *fieri facias* and the *scire facias* to revive the judgment. But I am of opinion, that the ground taken in the answer is correct in point of law, and that the judgment against the executrix cannot affect the heir or devisee. The admission of the execution of the bond does not prevent the relying on the length of time, or pleading the act of limitations; for at law the gist of the action would arise not from the execution of the bond, but from the breaches assigned in the replication. *Decreed*, that the bill be dismissed, but without costs. From which decree the complainants appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, EARLE, JOHNSON, MARTIN, and DORSEY, J.

*Brewer*, Jr. for the Appellants, contended, 1. That although *Tilly's* claim originated in *Talbot's* bond, yet his cause of action did not accrue until judgment was obtained against the executrix of *Talbot*, by the state, for the use of *Harwood*, and therefore the statute of limitations, if applicable, did not run until that time. 2. That the statute of limitations is not applicable to this case. 3. That if the statute is applicable, its operation is prevented by the judgment against *Talbot's* executrix, and the subsequent proceedings on it. 4. That the statute cannot be taken advantage of by answer confessing the claim.

On the *first* and *second* points he referred to the act of July 1729, *ch.* 25. *Const. Art.* 42; and 4 *Jacob's L. D.* 173.

On the *third* point he referred to the Stat. 4 & 5 *W.* & *M* 1 *Inst.* 209,a. 2 *Selw. N. P.* 522, 552, 527, 529; and the act of 1785, *ch.* 72, *s.* 5.

On the *fourth* point he referred to *Mitf.* 212, *(note Z.)*

*Stephen*, for the Appellee, cited *Mason's devisees vs. Peter's adm'rs.* 1 *Munf* 487. *Lansdale vs. Ghequiere*, *(ante* 257;) and *Harwood vs. Rawlings's heirs, (ante* 126.)

DECREE AFFIRMED.